IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF Hawai`I

| | | |
|---|---|---|
| DEBRA OBERTINI, | ) | CIVIL NO. 04-00029 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALOHA TRANSPORTATION RENTALS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDING AND RECOMMENDATION THAT**
**CASE BE DISMISSED WITHOUT PREJUDICE**

On March 7, 2006, this Court issued an order allowing Bruce Sherman, Esq., to withdraw as counsel for Plaintiff Debra Obertini ("Plaintiff") based on his inability to locate Plaintiff and her failure to communicate with him.  The Court's order informed Plaintiff that she was to appear in person, or through new counsel, at a status conference before this Court on March 29, 2006.  Plaintiff failed to appear at the status conference.

Courts do not take failure to comply with court orders lightly.  Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a
> scheduling or pretrial order, . . . the judge,
> upon motion or the judge's own initiative, may
> make such orders with regard thereto as are just,
> and among others any of the orders provided in
> Rule 37(b)(2)(B),(C),(D).

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(C) provides that if a party fails to obey a court order, the court may "dismiss[] the action

or proceeding or any part thereof . . . ."  Fed. R. Civ. P. 37(b)(2)(C).

In addition, Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ."  Fed. R. Civ. P. 41(b).  Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  See id.

Plaintiff failed to comply with the order allowing Mr. Sherman to withdraw.  Plaintiff effectively has failed to prosecute this case and has failed to cooperate with counsel.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, Defendant Aloha Transportation Rentals Inc., dba Aloha Taxi, will not be prejudiced and there are no less drastic alternatives available at this time.

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives."  Bautista, 216 F.3d at 841 (citation omitted).

In accordance with the foregoing, this Court RECOMMENDS that this case be dismissed without prejudice.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, March 29, 2006.



_/s/ Leslie E. Kobayashi_
Leslie E. Kobayashi
United States Magistrate Judge

**DEBRA OBERTINI V. ALOHA TRANSPORTATION RENTALS, INC.; CIVIL NO. 04-00029 DAE-LEK; FINDING AND RECOMMENDATION THAT CASE BE DISMISSED WITHOUT PREJUDICE**